BLUMBERG LAW GROUP LLP
Ronald H. Blumberg, Esq. (CSB No. 130557)
e-mail: rhb@blumberglawgroup.com
Mitchell G. Miller, Esq. (CSB No. 301908)
e-mail: mgm@blumberglawgroup.com
137 North Acacia Avenue
Solana Beach, California 92075
Phone: 858.509.0600
Fax: 858.509.0699

Attorneys for Plaintiff, Small Axe Enterprises, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMALL AXE ENTERPRISES, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AMSCAN, INC., a New York corporation; PARTY CITY HOLDCO, INC., a Delaware corporation; PARTY CITY CORPORATION, a Delaware corporation; PARTY CITY OF SAN DIEGO, INC., a California corporation; and DM MERCHANDISING, INC., an Illinois corporation, <br><br> Defendants. | Case No.: **'16CV0981 JAH WVG** <br><br> COMPLAINT FOR PATENT INFRINGEMENT AND UNJUST ENRICHMENT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, Small Axe Enterprises, Inc., ("Small Axe") by and through its undersigned attorneys, hereby alleges against Defendants Amscan, Inc. ("Amscan"), Party City Holdco, Inc. ("PCH"), Party City Corporation, Inc. ("PCC"), Party City of San Diego, Inc. ("PCSD"), and DM Merchandising, Inc. ("DMM") as follows:

1

**THE NATURE OF THE ACTION**

1. Small Axe manufactures, licenses, and sells accessories for drink vessels, including flexible, removable bases from materials including, but not limited to, neoprene, among which are products such as the 3D Beverage Coaster. Its products have had significant success being sold and licensed for promotion material at special events, such as at bars and sport events. All of its products are designed to collect moisture and to allow the display of a message or graphic.

2. During product development, Small Axe considered, *inter alia*, a variety of variations for the design of these products, including the shape, material, relative contour, and ability to affix decorative elements to the surface of product, as being important in the overall use of Small Axe's products, and having a direct impact on the potential for commercial success of the product. Accordingly, Small Axe invested significant time and monetary resources in the design and development of its products, and further invested significant resources in its marketing and manufacture.

3. On or about November 3, 2000, Small Axe filed a utility patent application to protect its invention. Small Axe immediately began marking its products with "patent pending." The utility patent application ultimately issued on June 17, 2003 as U.S. Patent No. 6,578,809 (the "'809 Patent"). A copy of the '809 Patent is attached as Exhibit "A". Small Axe changed the marking of its products to indicate they were patented when the patent issued.

4. Amscan, PCH, PCC, PCSD, and DMM (collectively, "Defendants") infringe the '809 Patent by making, offering to sell or selling, or importing from

outside the United States exact replicas of Small Axe's patented products without permission. Defendants' infringing products include Stem Gemz and the Luau Coaster Bottom brands of products. Small Axe's customers are being misled or confused by the presence of Defendants' products in the market.

5. By this action, Small Axe seeks to put a stop to the unauthorized use and misappropriation of its intellectual property and obtain compensation for Defendants' unauthorized use and exploitation of the '809 Patent.

## THE PARTIES

6. Plaintiff, Small Axe, is a corporation organized under the laws of the State of California with its principal place of business at 127 North Granados Avenue, Solana Beach, CA 92075. Small Axe is the sole assignee of the '809 Patent.

7. Defendant, Amscan, is one of the largest designers, manufacturers, and distributors of decorated party goods and party accessories in the world. Amscan is a New York Corporation with its principal place of business located at 80 Grasslands Rd., Elmsford New York, 10523. Amscan conducts business and actively seeks customers located in Southern California, markets products in the Southern District of California under the fictitious name Amscan Incorporated, and is registered with the California Secretary of State. Amscan imports into the United States, sells, offers for sale, or induces infringement by inducing others to sell products that infringe the '809 Patent, each of which is an act of infringement.

8. Defendant, PCH, is a retailer and franchisor. PCH is a Delaware corporation registered with the California Secretary of State, with its principal

place of business located at 80 Grasslands Rd., Elmsford New York, 10523. PCH conducts business in the Southern District of California by actively seeking customers, marketing products, and maintaining franchisee relationships located in this district. It sells, offers for sale, or induces infringement by inducing others to sell products that infringe the '809 Patent, each of which is an act of infringement.

9. Defendant, PCC is a retailer and franchisor. PCC is a Delaware corporation registered with the California Secretary of State, with its principal place of business located at 25 Green Pond Road, Suite No. 1, Rockaway, New Jersey, 07866. PCC conducts business in the Southern District of California by actively seeking, marketing products, and maintaining franchisee relationships customers located in this district. It sells, offers for sale, or induces infringement by inducing others to sell products that infringe the '809 Patent, each of which is an act of infringement.

10. Defendant, PCSD is a retailer and franchisee. PCSD is a California corporation, with its principal place of business located at 9760 Birch Canyon Place, San Diego California, 92126. PCSD conducts business in the Southern District of California by actively seeking, marketing products, and maintaining franchisee relationships customers located in this district. It sells, offers for sale, or induces infringement by inducing others to sell products that infringe the '809 Patent, each of which is an act of infringement.

11. Defendant, DMM, is the distributor of Stem Gemz. DMM is a corporation organized under the laws of the State of Illinois, with its principal place of business at 835 N. Church Court Elmhurst, Illinois, 60126. Furthermore,

DMM has a showroom located at 110 East 9th Street, Suite A-611, Los Angeles, California, 90079. DMM conducts business in the Southern District of California by actively seeking, marketing products, and maintaining franchisee relationships customers located in this district. It sells, offers for sale, or induces infringement by inducing others to sell products that infringe the '809 Patent, each of which is an act of infringement.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal question); 28 U.S.C. § 1338 (a) (any act of Congress relating to patents or trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

13. This Court has personal jurisdiction over Defendants because each has sufficient contacts within the State of California and within this District. Each of these entities has committed and continues to commit acts of infringement in California in violation of 35 U.S.C. § 271.

14. Defendants Amscan, PCC, PCH, and DMM place infringing products into the stream of commerce with knowledge or understanding the products are sold in the State of California, including in this District. DMM has a showroom located in Los Angeles where it actively markets to customers in this District. PCH and PCC are both registered for doing business in California, they act as franchisors or retailers in this District, and they actively market to customers in this District. The infringing acts by Defendants cause injury to Small Axe within this District. Defendants derive substantial revenue from the sale of infringing products, including the Stem Gemz and Luau Coaster Bottoms within this district.

15. Defendants are present in California, intentionally availed themselves of the privilege of conducting business within this District, should expect their actions in this District to have consequences, and therefore may reasonably expect to be haled into court in this District.

16. Venue is proper within the Southern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District, and because Defendants reside within and are subject to personal jurisdiction in this District under the meaning of 28 U.S.C. § 1391(c)(2).

## BACKGROUND

17. Small Axe is in the business of designing, manufacturing, importing, distributing, marketing, offering to sell and/or selling accessory products, including the 3D Beverage Coaster. Small Axe sells its products via authorized distributors located throughout the United States, including in the Southern District of California.

18. Defendants are retailers, franchisors, or distributors in the business of importing, distributing, marketing, offering to sell and/or selling party supply products. Defendants directly compete with Small Axe in the United States party supply industry.

19. Amscan is comprised of, owns interests in, and does frequent business with various retail companies, including defendants PCH, PCC, PCSD, and DMM.

20. The Luau Coaster Bottoms are coasters or sleeves made of two pieces of neoprene material with decoration on the outer facing portion of the wall of the sleeve.

| As depicted in the '809 Patent | Infringing Product |
|---|---|
| <br>FIG. 8 |  |

The Luau Coaster Bottoms are exact replicas of the invention protected in the '809 Patent.

21. Stem Gemz are sleeves intended for fitting around the base of a fluted glass made of a flexible material with decoration on the top facing portion of the upper wall of the sleeve.

| As depicted in the '809 Patent | Infringing Product |
|---|---|
| <br>FIG. 9 |  |

Stem Gemz are exact replicas of the invention protected in the '809 Patent.

22. On or about May 28, 2009, Peter Gluck, Esq. ("Mr. Gluck"), Patent Procurement Counsel for Small Axe, spoke with Joe Zepf ("Mr. Zepf"), general

counsel at Amscan, regarding Amscan and PCH, PCC, and PCSD's infringement of the '809 Patent for selling the Luau Coaster Bottoms.

23. On or about July 27, 2015, Mr. Gluck wrote a letter to Mr. Zepf with the intention of securing a royalty bearing fully paid-up standard patents licensing agreement, to include both the Stem Gemz and the Luau Coaster Bottom. Thereafter, Amscan refused to continue discussions, but continued to infringe the '809 Patent.

24. Defendants continue to sell, offer for sale, or induce infringement by inducing others to sell products that infringe the '809 Patent by selling Luau Coaster Bottoms and Stem Gemz.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement Against All Defendants)

25. Plaintiff incorporates and realleges herein paragraphs 1 through 24. Where any such allegation and the allegations contained in this First Claim for Relief conflict, Plaintiff realleges such conflicting allegations in the alternative.

26. On June 17, 2003, the United States Patent and Trademark Office duly and legally issued the '809 Patent entitled "FLEX GRIP MIMPI APPARATUS." Small Axe owns all right title and interest in the '809 Patent, including the right to sue for infringement and past damages of said Patent.

//
//

8

27. Small Axe offers for sale, sells, and licenses 3D Beverage Coasters and numerous designs embodied in the '809 Patent throughout the United States, including in this District.

28. All Defendants import, advertise, and sell the infringing product known as Stem Gemz at least through distribution and sales contracts with other Defendants. Defendants Amscan, PCH, PCC, and PCSD import, advertise, and sell the infringing product known as Luau Coaster Bottom at least through distribution and sales contracts with other Defendants. On information and belief, Defendants have been and are still infringing the '809 Patent by making, selling, offering for sale and/or using products embodying Small Axe's patented invention throughout the United States, including in this District. Defendants will continue to infringe the '809 Patent unless enjoined by this Court.

29. Small Axe has not licensed any of its rights or provided any other form of permission to use the claimed invention in the '809 Patent to any Defendant.

30. Defendants' actions were done with actual or constructive knowledge of the '809 Patent. Plaintiff is informed and believes, and based thereon alleges, Defendants had knowledge of the '809 Patent before committing acts of infringement as alleged above.

31. The activities of Defendants have been for the purpose of infringing, either directly or indirectly, the claim of the '809 Patent.

32. Small Axe is further informed and believes and based thereon alleges if and to the extent Defendants are not infringing directly, Defendants are

9

infringing indirectly by contributing to and/or inducing direct infringers, including without limitation Defendants' distributors, partners, resellers, and franchisees to infringe the '809 patent.

33. Small Axe is further informed and believes, and based thereon alleges, Defendants are knowingly inducing direct infringement and have the specific intent to encourage their distributors, partners, resellers, franchisees, and/or customers to directly infringe the '809 patent by (among other things) designing, developing, offering to sell and selling products, including without limitation the Accused Products, to their distributors, partners, resellers, franchisees, and/or customers for the purpose of making and using the claimed invention.

34. Defendants were and still are infringing the '809 Patent under the Doctrine of Equivalents by manufacturing, importing, distributing, using, offering to sell and/or selling coasters or beverage sleeves that are equivalent within the scope of the claim of the '809 Patent.

35. The infringement by Defendants has caused Small Axe to suffer damages, including and not limited to lost profits, in an amount to be proven at trial. Because of the aforesaid infringing acts, Small Axe has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law. Defendants' infringement of the '809 Patent will continue unless enjoined by this Court.

36. On information and belief, Defendants' infringement was and is willful, deliberate and intentional, making this an exceptional case for the purposes of 35 U.S.C. § 284 and § 285.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment Against All Defendants)

37. Small Axe incorporates and realleges paragraphs 1 through 24, and paragraphs 26 through 36 of this Complaint. Where any such allegation in the First and/or this Second Claim for Relief conflict, Plaintiff realleges such conflicting allegations in the alternative.

38. As a result of the conduct alleged herein, Defendants have been unjustly enriched to Small Axe's detriment. Small Axe seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from the inequitable activities of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Small Axe prays for relief, as follows:

1. A judgment that Defendants have infringed one of more claims of the '809 Patent;

2. An order and judgment permanently enjoining Defendants, their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of the '809 Patent;

3. A judgment awarding Small Axe all damages adequate to compensate for Defendants' infringement of the '809 Patent, and in no event less than a reasonable royalty from each act of infringement including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

11

4.  A judgment awarding Small Axe all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.  Actual damages suffered by Small Axe as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

6.  Costs of suit;

7.  Reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

8.  Any other remedy to which Small Axe may be entitled.

Date:  April 22, 2016                           Respectfully submitted,

**BLUMBERG LAW GROUP** LLP

By:  Ronald H. Blumberg
Attorneys for Plaintiff,
Small Axe Enterprises, Inc.

### JURY DEMAND

Plaintiff, Small Axe Enterprises, Inc., hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38.

Date:  April 22, 2016                           Respectfully submitted,

**BLUMBERG LAW GROUP** LLP

By:  Ronald H. Blumberg
Attorneys for Plaintiff,
Small Axe Enterprises, Inc.